UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21 CR 213 SRC DDN |
| | ) | |
| ARCHIE RICHARDSON, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMANT'S MOTION FOR REVOCATION OF RELEASE ORDER

COMES NOW the United States of America, by and through undersigned counsel, and respectfully requests review of the Memorandum and Order granting Defendant's temporary release under 18 U.S.C. § 3142(i). DCD 38. In support thereof, the United States renews the arguments made in prior filings and emphasizes the following reasons, which demonstrate why this Court must deny Defendant's release.

## Background

1.      The Defendant was initially charged by way of complaint with one count of violating 18 U.S.C. § 842(a)(3)(A) (Transporting Explosive Material by Anyone other than a Licensee or Permittee). DCD 2.

2.      During the months of February and March of 2021, ATF and the Jefferson County Sheriff's Office repeatedly responded to Defendant's residence, located at 1817 Timber Lane in High Ridge, MO, in reference to reports of explosions occurring at or near the property. Throughout this investigation, investigators utilized K-9s trained to detect the odor of explosive material and were able to locate the following items: one steel galvanized pipe with one intact end cap and one exploded end cap, four PVC or cardboard pipes with one intact end cap and one missing endcap, several shards of PVC. All pipes contained a black powder-like substance on the interior. All recovered devices and PVC debris were recovered in the adjacent yards to 1817

Timber Lane.  DCD 2 at 2-3.

3.     As more fully set out in the Complaint Affidavit (DCD 2), the Government's Motion For Pretrial Detention and Hearing (DCD 4) and the Government's Response in Opposition to Defendant's Motion for Reconsideration (DCD 31), ATF and other law enforcement agents investigated and gathered information and evidence relevant to Defendant's activities, including reports from numerous residents of the Timber Lane neighborhood and adjacent neighborhoods, as well as area business owners.  These individuals reported hearing and feeling explosions, which some believed were emanating from Defendant's residence, as well as finding what appeared to be the remnants of destructive devices and debris on their properties.  *See* DCD 2, 4, 31.

4.     On March 12, 2021, investigators sought and were granted search warrants for Defendant's residence and vehicle.  DCD 2, at 5.  Inside the vehicle, agents found one firearm, one M-60 series explosive device, an explosive fuse, one digital scale, five jars containing powder suspected to be explosive material, PVC pipe with several pipe collars, one funnel, one small bottle of unidentified liquid, two cardboard tubes, and two notebooks, including one notebook pertaining to explosive mixture instructions,  A search of Richardson's residence yielded more containers of powder suspected to be explosive material, cut pieces of PVC at random sizes, electrical components, one empty PVC pipe with two end caps, two cardboard pipes surrounded by duct tape, one rifle, and small amounts of various suspected controlled substances.  Following his arrest, Defendant admitted to using marijuana and  "ice," also known as crystal methamphetamine every other day.

5.     After Defendant was charged by way of complaint, the Government moved for pretrial detention pursuant to 18 U.S.C. § 3142, citing the danger to the community. DCD 4.

6.     The Pretrial Services Office prepared a report in which it recommended detention on both of the flight-risk and danger grounds. DCD 9.  Defendant also admitted to the Pretrial

Services Officer to using marijuana from age 12 to the week before his arrest daily and using methamphetamines beginning at age 14, every couple of days, with his last use being one year ago.  DCD 9 at 3.

7.      Specifically, the Pretrial Services Office found Defendant posed a risk of nonappearance for because he: (1) maintains family ties outside the Eastern District of Missouri; (2) has a history of illicit drug use which may impair his ability to make his court appearances; and (3) has a history of failure to appear for scheduled court appearances.  DCD 9 at 6.  The Pretrial Services Office found Defendant poses a risk of danger due to: (1) The nature of the instant offense is a danger to the community, inasmuch as the defendant was making and detonating explosive devices allegedly for a minimum period of six months, as well as carried explosive materials with him in his vehicle; (2) Defendant's history of illicit drug use; as continued abuse may impair the defendant's judgement and increase risk of danger to himself or the community; and (3) the fact that Defendant "appears to be a danger to the community, as he was allegedly building and detonating explosive devices near businesses and occupied residences." *Id.*

8.      A hearing was held on the issue of detention before United States Magistrate Judge Bodenhausen on March 19, 2021.  DCD 5.  Arguments were heard and the matter was taken under submission.  *Id.*

9.      On March 24, 2021, the Grand Jury returned a one-count indictment charging Defendant with violating 18 U.S.C. § 842(a)(3)(A) (Transporting Explosive Material by Anyone other than a Licensee or Permittee).

10.      On March 29, 2021, Judge Bodenhausen ordered Defendant detained pending trial, finding that clear and convincing evidence established that no conditions of release would reasonably assure the safety of any other person and the community. DCD 22 at 2. The order found that: (1) the weight of evidence against Defendant is strong; and (2) that Defendant has a history of alcohol or substance abuse. *Id.*  The court acknowledged that Defendant had a stable home plan with a wife and four children, no serious convictions, and employment, and took into account that there

was no allegation that Defendant's alleged conduct resulted in injury or that Defendant had made threatening statements or social media posts. *Id* at 4. The court found that based on the record before it, however, the government met its burden of proof. That conclusion was based on the strong weight of the evidence in this case, and specifically on the findings that:

> The conduct at issue involved not only manufacturing explosive devices, but also detonating such devices in or near a residential area. Furthermore, there is reason to believe that Defendant possesses the skill and ability to make his own explosive powders. While the issue would be close with those facts alone, the undersigned also must consider that Defendant has a significant and long-term substance abuse issue.

DCD 22 at 4.

11.     On April 13, 2021, at approximately 8:50 AM, Defendant filed a Motion to Reopen the Detention Hearing and for Pretrial Release, asserting as the principle reasons for his release that: 1) he has a reputation as a non-violent person and significant and close family ties; 2) the unfounded and incorrect allegation that the "government did not believe Mr. Richardson was an imminent threat during its investigation" (DCD 27, p. 2); 3) the unfounded and incorrect allegation that "the government is relying on so-called 'sovereign citizen materials' found during the search warrant's execution to suggests [sic] that Mr. Richardson is somehow a danger to the community (DCD 27, pp. 3-4); and 4) that suspected substances found by law enforcement "were found in a location and setting strongly suggesting they had not been recently used by the defendant," which "raises strong doubts about this Court's finding…that Mr. Richardson is a long term, regular user of methamphetamine and may also be using hallucinogenic substances." DCD 27, p. 4. Defendant also attached ten letters of support from his family. DCD 27.

12.     Also on April 13, 2021, approximately two and half hours after Defendant's motion was filed, Judge Bodenhausen issued an order at 11:36 AM setting a detention hearing for April 15, 2021, at 10:30 AM. DCD 29.

13.     At Judge Bodenhausen's request, the United States filed its response on an expedited basis on April 14, 2021. DCD 31.

14.     The second detention hearing was held on April 15, 2021. At the outset of the

hearing, Judge Bodenhausen informed the parties that he had not requested the Pretrial Services Office file a supplemental report, but that the Pretrial Services Office was still recommending detention.

15.     Following the hearing, during which both parties proffered evidence and made argument, Judge Bodenhausen granted Defendant's Motion for Reconsideration and ordered Defendant released on condition of bond pending trial over the objection of the United States. DCD 32, 38.  Judge Bodenhausen primarily based his reversal of the previous detention order on the new evidence submitted demonstrating the strength of Defendant's family ties, but also noted his belief that Defendant would likely receive a sentence of probation in this case in the event of a conviction and would have to be supervised at some point in the future.  A bond execution hearing was held immediately following the detention hearing, and Defendant was released.  DCD 32

## Standard of Review

16.     "If a person is ordered released by a magistrate judge . . . (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release . . . ." 18 U.S.C.  § 3145(a)(1).

17.     This Court reviews an order of release under a *de novo* standard. *See United States v. Maull*, 773 F.2d 1479, 1481, 1485 (8th Cir. 1995) (finding district court "had the duty under the Bail Reform Act to deny release" after finding that no conditions of release could assure appearance). "The power to decide must finally reside in the Article III court" and this "substantial responsibility" must not "be diminished by the earlier action of a magistrate." *Id.* at 1486. Accordingly, "the district court may conduct evidentiary hearings if 'necessary or desirable' . . . [in its] sound discertion." *United States v. Miell*, No. CR07-101-MWB, 2009 WL 1956451, at *1 (N.D. Iowa July 6, 2009) (quoting *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990)).

**Analysis**

18.     In determining whether a defendant should be released or detained pending trial,

the Court is directed to consider a number of statutory factors pursuant to 18 U.S.C. § 3142(g).

Importantly, one of the factors to consider is the "nature and circumstances of the offense charged,"

including whether the charged offense involves an explosive or destructive device.  18 U.S.C.

§3142(g)(1).  Here, Defendant is charged with violating 18 U.S.C. § 842(a)(3)(A), transporting

explosive material by anyone other than a licensee or permittee.  "Explosive materials" are defined

by statute as "explosives, blasting agents, and detonators."  18 U.S.C. § 841(c).  "Explosives" are

in turn defined as "any chemical compound mixture, or device, the primary or common purpose

of which is to function by explosion; the term includes, but is not limited to, dynamite and other

high explosives, black powder, pellet powder, initiating explosives, detonators, safety fuses,

squibs, detonating cord, igniter cord, and igniters."  18 U.S.C. § 841(c).  According to the sworn

affidavit in support of the complaint, ATF agents recovered items from Richardson's truck

including the following: one firearm, one M-60 series explosive device, an explosive fuse, one

digital scale, five jars containing powder suspected to be explosive material, PVC pipe with several

pipe collars, one funnel, one small bottle of unidentified liquid, two cardboard tubes, and two

notebooks, one of which pertained to explosive mixture instructions.  DCD 2 at 5. Members of the

St. Louis Bomb Squad along with ATF Explosive Enforcement Officer, Special Agent Bomb

Technician, and Certified Explosives Specialist examined the five jars of powder seized from

Defendant's vehicle.  They contained grayish-black powders visually and physically consistent

with explosive powders.  Samples were taken from two of the containers and subjected to an

ignition susceptibility test (IST).  Both samples reacted to the IST in an energetic fashion consistent

with that of explosive powders pursuant to Title 18, United States Code, Section 841.

19.	A search of Richardson's residence yielded the following: more containers of powder suspected to be explosive material, cut pieces of PVC at random sizes, electrical components, one empty PVC pipe with two end caps, two cardboard pipes surrounded by duct tape, and one rifle.  DCD 2 at 5-6.  Explosions were also occurring in the vicinity of Defendant's home for months.  The nature and circumstances of the offense therefore weigh heavily in favor of detention.

20.	Another relevant consideration is the weight of the evidence against the defendant. 18 U.S.C. §3142(g)(2).  This factor likewise heavily favors detention.  In addition to the items located during the search of Defendant's vehicle and residence, ATF conducted an interview with Defendant. DCD 2 at 6. During the interview, and after being read and waiving his *Miranda* rights, Defendant admitted to constructing PVC and cardboard explosive devices. Defendant also admitted to making homemade black powder and flash powder, both of which are listed as explosive materials as defined by ATF and constitute explosive materials as defined by Title 18, United States Code, Section 841. *Id.* Defendant also admitted that he is a current drug user and consumes methamphetamine every other day. *Id.* Simply put, the evidence against Defendant is strong.

21.	Yet another consideration is "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. §3142(g)(4). As previously noted, the Pretrial Services Officer (PSO) recommended (and continues to recommend) detention. *See* DCD 9.  Among other things, the PSO found that defendant "appears to be a danger to the community, as he was allegedly building and detonating explosive devices near businesses and occupied residences. *Id.*  Ultimately, the PSO concluded there "is no condition or combination of conditions that will reasonably assure the appearance of the defendant as

required and the safety of the community." These findings also weigh in favor of detention. They are also supported by the fact that during the investigation of this case, Defendant repeatedly ignored warnings and attempts to communicate with him by the ATF and the Jefferson County Sheriff's Office. *See* DCD  31 at 30-4.  At the second detention hearing, the United States also proffered evidence that Defendant's neighbors in the Timber Lane and Surrounding subdivisions, having been subjected to repeated explosions in the middle of the night for months, were extremely fearful of Defendant's activities.  Additionally, evidence proffered by Defendant that he is not a danger because he simply is trying to set off "rockets" in no way mitigates the risk he presents to those around him.  ATF agents found no indication that this is the case; to the contrary, the evidence located by ATF throughout its investigation – PVC shards, cut pipes, damaged end caps – is consistent with explosion destructive devices colloquially referred to as "pipe bombs."

22.     Under the totality of the circumstances, Defendant should be detained pending trial rather than released to the same address where he resided during the conduct underlying the charged offense.

WHEREFORE, the United States respectfully requests review of the Order releasing Defendant.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Lisa M. Yemm*
LISA M. YEMM, #64601MO
Assistant United States Attorney
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200
Lisa.yemm@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Charles Banks, Attorney for Defendant.

/s/ Lisa M. Yemm
LISA M. YEMM, #64601MO
Assistant United States Attorney